66    269
27a  597
27a  600
66   269
141  297

# THE PRESBYTERIAN CHURCH OF NEW BOSTON

*v.*

## JAMES M. EMERSON.

1. NEW TRIAL—*when evidence is conflicting.* A new trial will not be granted on the ground that the verdict is against the weight of the evidence, when the testimony is conflicting, even though the jury might have found otherwise, and even though the plaintiff's testimony was contradicted by four witnesses, if his evidence was corroborated.

2. BOOKS OF ACCOUNT. The statute relating to the admission of the parties' account books in evidence, requires that the party offering them shall testify to the same, and the entries therein contained; that the same is a book of original entries made by himself, and are *true and just.* A substantial compliance with this statute will be sufficient. When the party testifies that the account contained in his books is *correct,* it will be equivalent to a statement that the entries are *true and just.*

3. SAME—*to be considered in connection with the other evidence.* Where the plaintiff's books, when offered in evidence, showed an erasure, and there was other proof of the delivery of the articles charged, it was *held,* that the plaintiff had a right to have the court instruct the jury, if they believed, from the evidence offered, that the plaintiff sold the articles to the defendants, they must find for him, without regard to the manner in which the books had been kept.

4. SALE OF LUMBER—*delivery to agent sufficient.* In a suit to recover for the value of lumber furnished the defendant, and used in a building, the court instructed the jury, that if the plaintiff sold and furnished the materials claimed in his bill, to the defendant, delivered them at the place where the building was being erected, to the defendant or its agents or employees, and that the same was received and used in the building and erecting the church, then they should find for the plaintiff and assess his damages at the value of the materials furnished: *Held,* that the instruction was not erroneous, but required the jury to find more than was necessary to entitle the plaintiff to recover.

5. INTEREST—*when allowed on account.* Where the defendant, purchasing materials for the erection of a church, agreed to pay interest on any materials furnished after a certain day, at the rate of ten per cent, it was held that such rate of interest might properly be computed on such materials as were delivered after the day named, from the date of its delivery.

APPEAL from the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of assumpsit, by the appellee against the appellant, to recover for the price of a lot of lumber sold to appellant and used in the erection of a church building.

The plaintiff below, when called as a witness, testified : "I live in New Boston, and know the trustees of the defendant. In 1869 and 1870, I sold them lumber, and have an account of the same in my books, A and B, which I have here. The entries are original, and in my handwriting. This account is on page 187, in book A, and carried to page 158 of book B; this account is correct." He afterwards testified to the items.

The court gave the following instructions for the plaintiff:

"1.   The jury are instructed that, if the plaintiff in this case sold and furnished the materials claimed in his bill, to the defendant, delivered them at the place where the building was being erected, to the defendant or its agents or employees, and that the same were received and used in the building and erecting the church, then the jury will find a verdict for the plaintiff and assess his damages at the value of the materials furnished.

"2.   If the jury further believe, from the evidence, that the defendant agreed to pay ten per cent interest on the materials furnished after September 27, 1869, then, if the jury further believe that any part of the materials were furnished and not paid for, they will calculate interest on the same from the date they were furnished after that date.

"3.   The jury are instructed that it does not make any difference in what manner, or how Emerson kept his books. If the jury believe, from the evidence, that he, Emerson, sold the materials to the defendant by its order, and trusted the defendant, they must so find by their verdict."

Messrs. BASSETT & CONNELL, for the appellant.

Messrs. PEPPER & WILSON, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Three points are made for a reversal of this judgment :

*First*—That the verdict is manifestly against the weight of the evidence.

*Second*—That the account books were improperly admitted.

*Third*—That erroneous instructions were given.

The first we can not notice ; there was a conflict between the witnesses ; and even if four witnesses contradicted appellee, the jury had the right to credit him, corroborated as he was. We can not reverse upon the evidence merely because the jury might have found otherwise. This would effectually dispense with the trial by jury.

The book of accounts was properly admitted, and the requirements of the statute were substantially complied with.

The statute requires that the party shall testify to his account book and the entries therein contained ; that the same is a book of original entries, made by himself, and are true and just, and then the book shall be admitted as evidence. (Laws of 1867, sec. 3, p. 184.)

This section is a repeal of the common law rule as to the admissibility of an account book. It is conceded that the statute was complied with in every respect, except that the witness did not state that each item of the account was true and just. When the book was exhibited, he did testify that the account was correct.

The objection is trivial, and a mere play upon words. The witness need not testify in the language of the statute ; a substantial compliance is sufficient. The statement that the account was correct, was equivalent to a statement that it was true and just.

There is no error in the first instruction. It is not susceptible of the division attempted to be made of it—that one part fixed the liability of the defendant by a sale and delivery of the lumber, and that a subsequent part made the defendant chargeable by the mere delivery to the agents or employees,

and the use of it in the erection of the church.  The instruction must, and most naturally would, by the jury, be taken as a whole.  Its plain import is, that there must be a sale to defendant, a delivery to it or its agents, and the appropriation of the lumber for its benefit before it could be charged.  In this view it was clearly right, and contained more than was necessary.

The objections to the second instruction are not well taken.  There was sufficient evidence upon which to base it.  It was proved that, on the day mentioned in the instruction, one of the trustees ordered materials and agreed to pay for them on the first day of January following, with ten per cent interest.  The instruction assumes no fact; it simply informed the jury that if they believed, from the evidence, that any materials were furnished after such a date, and the agreement was to pay interest thereon, then it should be computed from the date of delivery.

The third instruction is complained of because it authorized the jury to find a verdict upon other evidence, independent of the account book.  Surely, the jury have the right to discriminate as to the evidence, and give it such credit as it deserves.  There was some proof of an erasure in the book of entries.  In view of that fact, the plaintiff had the right to ask the court to tell the jury that if they believed, from the evidence offered, that the plaintiff sold the materials to defendant, they must find for plaintiff, without regard to the manner in which the books had been kept.  But any possible misconception of the instruction was fully prevented by the instructions given for the defendant.

The judgment of the court below is affirmed.

*Judgment affirmed.*